UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4554

DAVID WAYNE HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-94-26)

Submitted: January 18, 2000

Decided: February 11, 2000

Before MURNAGHAN, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William A. Lascara, PENDER & COWARD, P.C., Virginia Beach,
Virginia, for Appellant. Helen F. Fahey, United States Attorney, Rob-
ert J. Seidel, Jr., Assistant United States Attorney, Norfolk, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David Wayne Harris appeals from the district court's order revoking his supervised release and sentencing him to thirty-six months of incarceration. Finding no reversible error, we affirm.

Harris claims on appeal that the district court abused its discretion because it did not consider the advisory sentencing range suggested in Chapter 7 of the Sentencing Guidelines. The record reflects that both parties briefed the court on the recommended guideline range and that the court made explicit reference to the fact that the guideline range was advisory and non-binding. Thus, we find that the court did not abuse its discretion in sentencing Harris to the maximum allowable sentence under 18 U.S.C. § 3583(e)(3) (1994). See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). We also conclude that we need not evaluate whether the district court erred by determining that Harris embezzled from one of his employers. In light of Harris' complete failure to conform his actions to the terms and conditions of his supervised release, the litany of Harris' violations, and the court's explicit statement that its revocation and sentencing decisions were not based upon its finding that Harris committed a felony, any error that the court may have made in determining that Harris embezzled from his employer was harmless and would not merit reversal of the revocation of his supervised release or his sentence. See Fed. R. Crim. P. 52(a).

We affirm the revocation of Harris' supervised release and his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED